The Honorable Randy Laverty State Senator Post Office Box 303 Jasper, Arkansas 72641-0303
Dear Senator Laverty:
This is my opinion on your questions about how state criminal laws regarding firearms may apply to public school shooting teams' travel to competitions. You state that teams travel with firearms and ammunition in publicly-owned vehicles.[1] You ask whether A.C.A. § 5-73-122 (Repl. 2005) or any other state law applies.
RESPONSE
In my opinion, no state law imposes criminal liability on any participant in a public school shooting team's travel to or from a competition in the ordinary circumstances your request contemplates.
The statute you cite provides in relevant part that "[i]t is unlawful for any person . . . to knowingly carry or possess a loaded firearm or other deadly weapon in any publicly owned building or facility. . . ." A.C.A. § 5-73-122(a)(1). For liability to arise, there must be a building or facility in which the weapon is carried or possessed. Because your question concerns only travel, a school bus is the only thing involved that might be a building or facility.
Obviously, a school bus is not a building, so one can be liable only if a bus is a facility. The word "facility" is defined as a "park, football field, baseball field, soccer field, or anothersimilar . . . recreational structure or property." A.C.A. § 5-73-122(a)(4) *Page 2 
(emphasis added). The nature of the facilities named, and the requirements that any other facility both be similar to those named and be a structure or property, make clear, in my opinion, that only real property (i.e., land or improvements) can be a facility under the statute. Because a school bus is not real property, it is not a facility under the statute.[2]
There being no building or facility, there can be no liability, in my opinion, under A.C.A. § 5-73-122.
Another statute provides that no one may possess a firearm at a school or on a school bus, and that a minor may not possess a handgun anywhere. See A.C.A. § 5-73-119 (Repl. 2005). It is a defense to either charge, however, that the person "is participating in a school-approved educational course or sporting activity involving the use of firearms" or
 is a minor engaged in lawful marksmanship competition or practice or other lawful recreational shooting under the supervision of his or her parent, legal guardian, or other person twenty-one (21) years of age or older standing in loco parentis or is traveling to or from this activity with an unloaded handgun or firearm accompanied by his or her parent, legal guardian, or other person twenty-one (21) years of age or older standing in loco parentis.
A.C.A. § 5-73-119(e)(9), (10).
The sporting activity defense probably would be available, and a team might arrange its travel to satisfy the marksmanship competition defense as well.
Another statute defines the offense of carrying a weapon to include possessing a handgun "on or about his or her person, in a vehicle occupied by him or her, or otherwise readily available for use with a purpose to employ the handgun . . . as a weapon against a person." A.C.A. § 5-73-120(a) (Repl. 2005). No one could reasonably allege that a public school shooting team member intends to use a handgun as a weapon against a person in the normal circumstances your request contemplates. The statute also provides a defense for a person carrying a weapon *Page 3 
"when upon a journey. . . ." A.C.A. § 5-73-120(c)(4). I conclude that no liability will arise under A.C.A. § 5-73-120(a) absent extraordinary circumstances not contemplated by your request.
I know of no other Arkansas law that would impose criminal liability upon any participant in a public school shooting team's travel to or from a competition in the ordinary circumstances your request contemplates.
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JMB/cyh
[1] I use the words "school bus" or "bus" to mean any publicly-owned vehicle transporting a public school shooting team.
[2] Even if a school bus is assumed to be a structure or property, it still is not a facility under the statute because it is not, in my opinion, "recreational." See
A.C.A. § 5-73-122(a)(4).